Craig B. Sanders, California Bar No. 284397
csanders@barshaysanders.com
**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

*Attorneys for Plaintiff*
Our File No.: 119079

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS GILMORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EMERGENT BUSINESS GROUP, INC. D/B/A EMERGENT SERVICING,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Case No.   - 1 -
COMPLAINT

CHRIS GILMORE, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Emergent Business Group, Inc. D/B/A Emergent Servicing (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code §1788, *et seq*.

## JURISDICTION AND VENUE

1. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

3. At all relevant times, Defendant conducted business within the State of California.

## PARTIES

4. Plaintiff Chris Gilmore is an individual who is a citizen of the State of California residing in Los Angeles County, California.

5. Plaintiff is a natural person allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Emergent Business Group, Inc. D/B/A Emergent Servicing, is a Pennsylvania Corporation with a principal place of business in Montgomery County, Pennsylvania.

8. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. The principal purpose of Defendant's business is the collection of such debts.

11. Defendant uses the mails in its debt collection business.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

13. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

14. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

15. The alleged Debt does not arise from any business enterprise of Plaintiff.

16. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and California Civil Code § 1788.2(d).

17. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

18. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

19. On an exact date unknown to Plaintiff, but within a year of this Complaint, in its efforts to collect the alleged Debt, Defendant contacted Plaintiff by telephone ("the Calls") on numerous occasions.

20. The Calls conveyed information regarding the alleged Debt.

21. The Calls are "communications" as defined by 15 U.S.C. § 1692a(2).

22. As set forth in the following Counts, Defendant's communication violated the FDCPA and The Rosenthal Act.

23. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT

## Violation of 15 U.S.C. § 1692g

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25. The Calls were the initial communications Plaintiff received from Defendant concerning the alleged Debt.

26. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information, notices and disclaimers. 15 U.S.C. § 1692g(a)(1)-(5).

27. Defendant was required to send Plaintiff the aforementioned written notice within five days of the first telephone call to Plaintiff.

28. Defendant failed to send the required written notice to Plaintiff within five days of the first telephone call to Plaintiff.

29. Defendant's failure to send the required written notice to Plaintiff within five days of the first telephone call to Plaintiff is a violation of 15 U.S.C. § 1692g.

30. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g and is liable to Plaintiff therefor.

## SECOND COUNT

### Violation of 15 U.S.C. § 1692c(b)

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

32. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33. Defendant has contacted Plaintiff's relatives seeking information related to the alleged Debt.

34. Defendant has contacted Plaintiff's mother seeking information related to the alleged Debt.

35. Defendant has threatened to call Plaintiff's deceased husband seeking information related to the alleged Debt.

36. Plaintiff never gave Defendant consent to communicate with Plaintiff's relatives in connection with the collection of the alleged Debt.

37. Plaintiff never gave Defendant consent to communicate with Plaintiff's relatives in connection with the collection of the alleged Debt.

38. Plaintiff never gave Defendant consent to communicate with any third party in connection with the collection of the alleged Debt.

39. Defendants conduct all but assured that Plaintiff's privacy protections afforded to Plaintiff through the FDCPA would be violated.

40. For all of the foregoing reasons, Defendant violated 15 U.S.C. § 1692c(b).

## THIRD COUNT

## Violations of §§ 1788-1788.32 of The Rosenthal Act

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

43. Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

44. Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

45. Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

46. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

47. California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

48. California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

49. For the foregoing reasons, Defendant violated California Civil Code §§ 1788-1788.32 and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

50. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of California.

51. Plaintiff seeks to certify a class of:

i. All consumers to whom Defendant failed to send a written notice as required by Section 1692g of the FDCPA, on or after a date one year prior to the filing of this action to the present.

ii. All consumers to whom Defendant without consent contacted third parties in connection with the collection of the alleged Debt, on or after a date one year prior to the filing of this action to the present.

52. This action seeks a finding that Defendant's conduct violates the FDCPA and The Rosenthal Act, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and California Civil Code § 1788.30.

53. The Class consists of more than thirty-five persons.

54. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

55. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

56. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the

factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

57. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA and The Rosenthal Act; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k and California Civil Code § 1788.30; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k and California Civil Code § 1788.30; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: February 18, 2020

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119079